IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE NORTHERN
and VIRN POLK,

                                                                         ORDER

                   Plaintiffs,

                                                        07-cv142-bbc

     v.

LARRY FUCHS, C.O. REGER,
CAPTAIN DENKE and DR. GLEN
HEINZL,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated April 3, 2007, Judge Shabaz granted plaintiffs leave to proceed in forma pauperis in this case on two claims: 1) defendants were violating plaintiffs' Eighth Amendment rights by being deliberately indifferent to their medical condition, Pseudofolliculitis Barbae (PSB); and 2) defendants were violating plaintiffs' Fourteenth Amendment equal protection rights by allowing some inmates, but not them, to have an Andis Shaver/Trimmer.  On July 16, 2007, Judge Shabaz granted defendants' motion for summary judgment on both claims.  Judgment was entered shortly thereafter on July 19, 2007, in favor of defendants.

      On March 9, 2009, I denied plaintiffs' motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(2) and (3) because it had been filed more than one year after the

entry of judgment. I also discussed in dicta the merits of the motion, concluding that even if plaintiffs' motion had been timely filed, I would not have granted it because they failed to show that they could not have learned about their "newly discovered evidence" earlier and even if they had made the necessary showing, the evidence did not support a finding that they were treated differently from similarly situated inmates. On March 24, 2009, I denied plaintiff's motion for reconsideration of the March 9, 2009 order. Now plaintiff Northern has filed a notice of appeal from the March 9, 2009 order and a motion for leave to proceed in forma pauperis on appeal.

In determining whether plaintiff Northern may appeal in forma pauperis, I must consider whether he has three strikes under 28 U.S.C. § 1915(g) and, if not, whether he is indigent and whether his appeal is taken in good faith. Petitioner does not have three strikes. However, I must certify that his appeal is not taken in good faith.

In denying plaintiffs' motion for relief from the judgment brought under Fed. R. Civ. P. 60(b)(2) and (3) as untimely, I explained to plaintiffs that the Court of Appeals for the Seventh Circuit has held expressly in Central States, Southeast and Southwest Areas Pension Fund v. Central Cartage Co., 69 F.3d 1312, 1314-1315 (7th Cir. 1995), that Fed. R. Civ. P. 60(c) sets an inflexible one-year limitations period for motions brought under Rule 60(b)(1) to (3) that plaintiffs had failed to meet. When plaintiffs asked for reconsideration of that decision, they did not suggest that I erred in finding that their motion was untimely. Instead, they repeated their arguments that defendants had committed fraud during post-

judgment discovery and that they had "newly discovered evidence" that supported an order vacating the judgment.

Although plaintiff Northern has not explained in his notice of appeal what issues he intends to raise on appeal, I assume he means to challenge this court's decision that his Rule 60(b) motion is untimely, because that is the only issue the court of appeals may consider. Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir. 1995) (limiting appellate review to district court's denial of Rule 60(b) motion and not addressing merits of underlying judgment). However, the legal precedent guiding the decision that plaintiffs' motion is untimely is directly on point, and plaintiff does not suggest that there is any new law that overrules Central States. He appears simply to wish the court of appeals to give his Rule 60(b) motion a second look. As much as I understand plaintiff's wanting the court of appeals to double-check the rulings of this court, that is not a proper use of the court of appeals. Therefore, I certify that plaintiff Northern's appeal is not taken in good faith.

Because I am certifying plaintiff Northern's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff Northern has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff Northern should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing

fee by a set deadline.  Ordinarily, if an appellant fails to pay the fee within the deadline set, the court of appeals will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

## ORDER

IT IS ORDERED that plaintiff Northern's request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that plaintiff's appeal is not taken in good faith.  The clerk of court is directed to insure that plaintiff Northern's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 1st day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge